UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| v. | ) ) ) No. 4:14-CV-2119 CAS |
| CENTURY BUILDING GROUP, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibit. No response was filed to the motion and the time to do so has passed. For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs Greater St. Louis Construction Laborers Welfare Fund (the "Union") and the Trustees of its various Trust and Training Funds filed this action under the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f). The Complaint asserted that defendant Century Building Group, LLC, f/k/a Johnson Cement & Finishing, LLC and doing business as Johnson Cement, was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from its employees' paychecks as union dues, to submit monthly reports showing the worked by each employee, and make monthly required payments. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly reports for various months. The Complaint sought to require defendant to submit

its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on January 8, 2015, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On February 18, 2015, a Clerk's Entry of Default pursuant was issued pursuant to Rule 55(a), Fed. R. Civ. P. [Doc. 9]

On March 5, 2015, the Court issued an Order granting plaintiffs' Motion for Default Order to Compel an Accounting, and ordered defendants to provide to plaintiffs within thirty days "all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from October 2, 2013, to date." [Doc. 10]

On January 4, 2016, the Court granted plaintiffs' Motion for Default Judgment and entered a default judgment against defendant in the amount of Eighteen Thousand Nine Hundred Forty-Six Dollars and Eighteen Cents ($18,946.18). [Doc. 22]

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Nathan K. Gilbert assert that plaintiffs served a notice of post-judgment deposition on Rodrick Johnson as a representative of defendant on January 5, 2016, pursuant to Federal Rule of Civil Procedure 69. The notice required Mr. Johnson's attendance at the office of plaintiffs' counsel on February 12, 2016 at 10:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. The affidavit states that neither Mr. Johnson nor any other representative of

defendant appeared at the deposition or produced any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that defendant was properly noticed for deposition but failed to have its representative appear. Plaintiffs' motion to compel discovery should therefore be granted, and Mr. Rodrick Johnson, as a representative of defendant, will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 27]

**IT IS FURTHER ORDERED** that Mr. Rodrick Johnson, as a representative of Century Building Group, LLC, d/b/a Johnson Cement, shall appear for deposition and produce the records

3

requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Friday**, **March 18, 2016**, at **10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this order by UPS Signature, in addition to first class U.S. Mail, on Mr. Rodrick Johnson, Johnson Cement and Finishing, 811 Bre-Mar Street, East St. Louis, Illinois 62203.

						_____
						**CHARLES A. SHAW**
						**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of March, 2016.