UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| v. | ) No. 4:14-CV-2119 CAS ) |
| CENTURY BUILDING GROUP, LLC, a Missouri Limited Liability Company, d/b/a JOHNSON CEMENT & FINISHING, Defendant. | ) ) ) ) ) ) |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiffs bring the instant action seeking an accounting of the defendant employer's payroll records and a judgment for delinquent contributions owed to the plaintiff union employee benefit funds pursuant to a collective bargaining agreement. Currently pending before the Court is plaintiffs' Motion for Contempt based on defendant's failure to comply with the Court's Order of March 1, 2016, requiring Mr. Rodrick Johnson, as a representative of Century Building Group, LLC, d/b/a Johnson Cement & Finishing, to appear for deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on March 18, 2016. No response has been filed to the Motion for Contempt and the time to do so has passed.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504

(8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or judgment, or to compensate the complainant for losses sustained, or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's Judgment and the responsibility to comply with it, such as Mr. Johnson. See Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); see also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

2

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). Incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants). In addition, the Court has imposed contempt sanctions on a corporate defendant's officer who failed to participate in post-judgment discovery in an ERISA delinquency action. See, e.g., Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., No. 4:07-CV-61 CAS (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed based on the Affidavit of plaintiffs' attorney Nathan K. Gilbert that Mr. Rodrick Johnson did not appear for deposition or produce documents as ordered by the Court, and that Mr. Johnson failed to contact plaintiffs' attorney regarding his failure to appear.

At this point, the burden shifts to defendant and Mr. Johnson to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil

contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Century Building Group, LLC and Mr. Rodrick Johnson are ordered to show cause why they should not be held in contempt of Court for failure to appear for deposition and produce documents as ordered by the Court in the Memorandum and Order of March 1, 2016.

**IT IS FURTHER ORDERED** that a hearing is set for **Tuesday**, **May 10, 2016**, at **2:00 p.m.** in Courtroom No. 3-N of the Thomas F. Eagleton United States Courthouse, at which defendant Century Building Group, LLC and Mr. Rodrick Johnson shall personally appear and may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Memorandum and Order of March 1, 2016. Because incarceration is a possible civil contempt sanction, Mr. Johnson has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Johnson to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that Mr. Johnson shall bring with him to the hearing on **May 10, 2016**, all of the documents and records listed in plaintiffs' Notice of Deposition.

**IT IS FURTHER ORDERED** that the United States Marshal shall personally serve a copy of this order on Mr. Rodrick Johnson at Johnson Cement and Finishing, 811 Bre-Mar Street, East St. Louis, Illinois 62203, or wherever he may be found.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of April, 2016.